UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ALLAN FETTE,

          Petitioner,

                                    Case No. 11-12177

v.                                     Honorable Patrick J. Duggan

STATE OF MICHIGAN,

          Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING A CERTIFICATE OF APPEALABILITY**

      Petitioner Christopher Allan Fette ("Petitioner"), presently confined at the Kinross Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his *pro se* application, Petitioner challenges his conviction in 2009 for one count of third-degree criminal sexual conduct in violation of Michigan Compiled Laws § 750.520d(1)(A), two counts of fourth-degree criminal sexual conduct in violation of Michigan Compiled Laws § 750.520e(1)(A), and being a fourth felony habitual offender under Michigan Compiled Laws § 769.12. For the reasons stated below, the Court dismisses without prejudice the petition for writ of habeas corpus.

---

[1]The proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner is the warden of the facility where the petitioner is incarcerated. Rule 2(a) of the Rules Governing § 2254 Cases. Normally, the Court would order that the caption of the case be amended to reflect that the proper respondent in this case is the warden of Kinross Correctional Facility, the current location of Petitioner. However, because the Court is dismissing the petition, it will not do so in this case.

## I. Background

In 2009, Petitioner pleaded guilty to the above offenses in the Circuit Court for Oakland County, Michigan. The trial court sentenced Petitioner to eighteen to thirty years in prison on the third-degree criminal sexual conduct conviction and two to fifteen years in prison on the fourth-degree criminal sexual conduct convictions.

Petitioner appealed to the Michigan Court of Appeals, challenging the accuracy of the costs and assessments imposed by the trial court at sentencing. The Michigan Court of Appeals remanded the matter to the trial court to correct the Order to Remit Prisoner Funds for Fines, Costs and Assessments to accurately reflect the amount of the costs and assessments that were imposed. *People v. Fette,* No. 293598 (Mich. Ct. App. Oct. 7, 2009). On February 26, 2010, the Michigan Supreme Court reversed the Michigan Court of Appeals' decision, holding that a remand to the trial court to correct the order was unnecessary because the order accurately set forth the costs and assessments imposed. *People v. Fette*, 485 Mich. 1099, 778 N.W.2d 247 (2010).

Petitioner filed the pending application for a writ of habeas corpus on May 18, 2011. In his application, Petitioner lists two grounds in support of his request for relief: (1) "search and seizure" and (2) "unlawful arrest."

## II. Discussion

Petitioner's application for a writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Pursuant to the AEDPA, "[a] federal court may not grant a writ of habeas corpus unless the applicant has exhausted all available remedies in state court." *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing 28 U.S.C. § 2254(b)(1)(A)). This means that an applicant must have "fairly presented" the issues asserted in his petition to the state court of appeals and the state supreme court. *Id*. "[A] federal court cannot grant habeas relief if there still is a potential state remedy for the state courts to consider." *Id*. (citing 28 U.S.C. § 2254(b)(1)(B)). A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *Sitto v. Bock*, 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

Petitioner fails to allege or indicate in his petition that he has exhausted his search and seizure and unlawful arrest claims in the Michigan courts. Indeed, Petitioner states in his habeas application that the only claim he raised before the Michigan Court of Appeals and the Michigan Supreme Court involved a challenge to the fees and costs imposed by the trial court at sentencing. Therefore, Petitioner fails to show that he exhausted his claims with the state courts.

There are available state court procedures for Petitioner to exhaust his claims. Petitioner can file a post-conviction motion for relief from judgment in the trial court pursuant to Michigan Court Rule 6.500. *See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Denial of a motion for relief from judgment is reviewable by the Michigan

Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302.  As such, Petitioner's claims are unexhausted and the petition is subject to dismissal.

A district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance.  *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528 (2005).  In this case, however, a stay of the petition would be inappropriate because all of Petitioner's claims are unexhausted. *See Bailey v. Roe,* 135 F. App'x 100, 101 (9th Cir. 2005).  Absent a stay, Petitioner risks a subsequently filed habeas petition being barred pursuant to the AEDPA's one-year statute of limitations.  There is, however, an equitable remedy available to Petitioner.

In *Hargrove v. Brigano*, the petitioner sought habeas relief on a ground that he had never presented to the state appellate courts. 300 F.3d 717, 719-721 (6th Cir. 2002).  The district court dismissed the petition without prejudice in order for the petitioner to exhaust his state remedies. *Id.*  Acting prospectively, the district court also ordered the tolling of the AEDPA's one-year limitations period, effective from the date the petition was filed and conditioned on the petitioner's pursuing his state remedies within thirty (30) days of the dismissal and returning to federal court within thirty (30) days after exhaustion. *Id.* The warden challenged this order, but the Sixth Circuit Court of Appeals found that "the decision to equitably toll the petition was reasonable under the circumstances of this case and under the conditions set forth by the district court." *Id.* at 719.

Petitioner promptly filed his petition for writ of habeas corpus with this Court. The Court cannot conclude that Petitioner's claims are meritless. The Court therefore is adopting the equitable tolling timing solution, as well as the safeguards, approved by the Sixth Circuit in *Hargrove*. However, the tolling of the limitations period is contingent upon Petitioner complying with the conditions indicated below.

### III.  Certificate of Appealability

28 U.S.C. § 2253 governs appeals in § 2254 proceedings. Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). Furthermore, Federal Rule of Appellate Procedure 22(b) states: "If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue." *See also Kincade v. Sparkman*, 117 F.3d 949, 953 (6th Cir. 1997) (holding that Rule 22(b) requires district courts to make the initial determination of appealability); *see also* Rule 11(a) of the Rules Governing § 2254 Cases ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.")

When a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate of appealability may issue only if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right; *and* (2) the district court was

correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000).  The Court declines to issue a certificate of appealability because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that Petitioner failed to exhaust his claims in the Michigan courts.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from May 8, 2011 (the date the current petition is signed) until the time Petitioner returns to federal court to pursue habeas corpus relief, **provided that** Petitioner presents his unexhausted claims to the state court within **thirty (30) days** from the date of this order and (2) Petitioner returns to this Court within **thirty (30) days** of exhausting his state court remedies;

**IT IS FURTHER ORDERED**, that a certificate of appealability is **DENIED**.

Date:  June 20, 2011                               s/PATRICK J. DUGGAN
                                                   UNITED STATES DISTRICT JUDGE

Copy to:
Christopher Allan Fee
#235166
Kinross Correctional Facility
16770 Watertower Drive
Kincheloe, MI   49788

6